UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ELLIOT J. SANTOS,
Plaintiff,
v.
UNITED STATES 9TH CIRCUIT DISTRICT COURT,
Defendant.

Case No.: 3:26-cv-5946-CAB-GC

**ORDER:**
**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS, [Doc. No. 3]; and**

**(2) DENYING MOTION TO APPOINT COUNSEL, [Doc. No. 2].**

Pending before the Court is a civil complaint, a motion to proceed in forma pauperis ("IFP"), and a motion to appoint counsel by Elliot J. Santos ("Plaintiff"). [Doc. No. 1 ("Complaint"); Doc. No. 2; Doc. No. 3.]

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1050 (9th Cir. 2007). To satisfy the

[1] Civil litigants must pay an administrative fee of $55 in addition to the $350 filing fee. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

requirements of § 1915(a), "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (internal quotation marks omitted). Here, Plaintiff submitted a financial affidavit which states he had no income and only $110 in expenses for the last twelve months. [Doc. No. 3.] However, in his motion to appoint counsel Plaintiff states that his monthly living expenses are $1,700. [Doc. No. 2 at 6.] He also states that he is owed "$11 trillion" by "The Trump Admin" and "$750k" by Chad Bianco. [Doc. No. 3.] The Court finds these statements contradictory and implausible. The Court therefore **DENIES WITHOUT PREJUDICE** Plaintiff's motion to proceed IFP.

To proceed with the case, by **December 1, 2026**, Plaintiff must either pay the required filing fee *or* file a new motion to proceed IFP which accurately accounts for income and expenses.[2] If Plaintiff fails to do so by that date, the Clerk of the Court is directed to dismiss this action without prejudice and close the case.

///

///

///

///

///

---

[2] Should Plaintiff file a new motion to proceed IFP that is granted by the Court, the Court must screen the Complaint and sua sponte dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Section 1915(e)(2)(B) is not limited to prisoners; instead, it applies to all cases in which the plaintiff proceeds IFP. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). The current Complaint would be subject to dismissal because the named defendant is the United States 9th Circuit District Court and "generally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991). The Complaint is also nearly impossible to decipher in terms of what Plaintiff alleges happened, when, who is responsible, and how the allegations are connected. [*See, e.g.*, Complaint at 2–3 (describing "FDIC FTC stock exchange world stock market trader inside secrets the trump accounts" and "2026 Gubernatorial Election Riverside County Sheriff Chad Bianco tackling homeless crisis").

The Court also **DENIES WITHOUT PREJUDICE** Plaintiff's motion to appoint counsel. [Doc. No. 2.] There is no constitutional right to counsel in a civil case. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Lassiter v. Dep't. of Soc. Servs.*, 452 U.S. 18, 25 (1981). Only in "exceptional circumstances" does the district court have discretion to "request" that an attorney represent an indigent civil litigant. 28 U.S.C. § 1915(e)(1); *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances requires the Court to evaluate (1) whether there is a likelihood of success on the merits and (2) the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved. *Id.* As the case stands, Plaintiff has yet to demonstrate either a likelihood of success on the merits of his claims or that their legal complexity warrants referral to potential pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1).

It is **SO ORDERED**.

Dated: October 27, 2026

Hon. Cathy Ann Bencivengo
United States District Judge